# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

STACY WILLIS, as Personal )
Representative of the Estate of, )
MITCHELL EVERETT WILLIS, )
Deceased, )
       Plaintiff, )
)
vs. ) Case No. 18-CV-00323-D
)
OKLAHOMA COUNTY )
DETNENTION CENTER *et al*., )
       Defendants. )

## ORDER

Before the Court is a Joint Motion to Dismiss and Brief in Support [Doc. No. 35] filed by Defendants Oklahoma County Detention Center, Board of County Commissioners of Oklahoma County, Sheriff P.D. Taylor, and the Oklahoma County Sheriff's Department (collectively, "Defendants"), in their official capacities. The Joint Motion was filed pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff filed a response [Doc. No. 43], to which Defendants have replied. [Doc. No. 48].

## BACKGROUND

Mitchell Everett Willis ("Willis") was arrested on August 18, 2017. Plaintiff's Amended Complaint [Doc. No. 30] at 7, ¶ 10. That same day, Willis was placed in the custody of the Oklahoma County Detention Center (the "OCDC") as a pretrial detainee. *Id.* at 7–8, ¶¶ 10,12. After intake, Willis was allegedly assaulted by employees of the Oklahoma County Sheriff's Department (the "OCSD"), suffering blunt force trauma to the head, neck, and torso. *Id.* at 7, ¶ 10. Several other OCSD employees looked on as Willis

was attacked. *Id.* Following the assault, Willis was left face down on the floor of his cell for several hours, where he died as the result of his injuries. *Id.* at 9–10, ¶¶ 16,19.

Before Willis' death, OCDC had been the subject of serious concern. Because of a 2007 investigation into OCDC, the United States Department of Justice ("DoJ") issued a report ("DoJ Report"). Doc. No. 30, Ex.1 at 1. Certain conditions at OCDC, the DoJ concluded, "violate the constitutional rights of detainees confined therein." *Id.* at 2. The DoJ noted insufficient staffing, possible uses of excessive force, issues regarding medical care, and poor training. *Id.* at 6–10.

OCSD oversees the jail's day-to-day operations. *See* Memorandum of Understanding Between the United States and Oklahoma County, Oklahoma, Doc. No. 30, Ex. 2 at 6. The questionable practices employed at OCDC allegedly began under Sheriff Whetsel and continued through Sheriff Taylor's term in office. *See id.* at 11, ¶ 23. About five months before Willis' death, Defendant Sheriff Whetsel retired from his position. That same day, March 1, 2017, Defendant Sheriff Taylor took office. *See* Plaintiff's Amended Complaint [Doc. No. 30] at 4–5, ¶ 6.

Plaintiff Stacy Willis, on Willis' behalf, sued multiple defendants alleging violations of Willis' rights under the United States Constitution. Plaintiff's Amended Complaint at 1. The claims were brought pursuant to 42 U.S.C. § 1983, along with requests for attorney's fees under 42 U.S.C. § 1988.

**STANDARD OF DECISION**

*Rule 12(b)(6) Failure to State a Claim*

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain enough facts that, when accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). A claim has facial plausibility when the court can draw "the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In § 1983 cases, it is particularly important "that the complaint make clear exactly *who* is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her." *See Robbins*, 519 F.3d at 1249–50 (emphasis in original); *see also Smith v. United States*, 561 F.3d 1090, 1104 (10th Cir. 2009).

**DISCUSSION**

**I. OCDC and OCSD are not proper defendants and should be dismissed with prejudice.**

Defendants argue, and Plaintiff agrees, that OCDC and OCSD should be dismissed from this action. *See* Joint Motion at 2; Plaintiff's Response to Joint Motion [Doc. No. 43] at 1–2.

A noncorporate entity's capacity to be sued is determined by the law of the state in which the district court is located. Fed. R. Civ. P. 17(b)(3). In Oklahoma, each organized county can sue and be sued. Okla. Stat. tit. 19, § 1(1). The authority of each county is exercised by its board of county commissioners, and a lawsuit brought against a county

3

must be filed against the board of county commissioners of the relevant county. Okla. Stat. tit. 19, §§ 3, 4. Because OCDC and OCSD do not have legal identities separate from that of Oklahoma County, they are not suable entities and are not proper defendants in a civil rights action. *See Lindsey v. Thomson*, 275 Fed. Appx. 744, 747 (10th Cir. Sept. 10, 2007) (unpublished) (affirming dismissal of § 1983 claims against police departments and a county sheriff's department, noting that defendants were "not legally suable entities"); *Reid v. Hamby*, No. 95-7142, 1997 WL 537909, at *6 (10th Cir. Sept. 2, 1997) (unpublished) (holding that "an Oklahoma 'sheriff's department' is not a proper entity for purposes of a § 1983 action"); *Aston v. Cunningham*, No. 99-4156, 2000 WL 796086, at *4 n.3 (10th Cir. June 21, 2000) (unpublished) (affirming dismissal of a county detention facility on the basis that "a detention facility is not a person or legally created entity capable of being sued").

Accordingly, Plaintiff's claims against the OCDC and OCSD should be dismissed with prejudice for failure to state a claim upon which relief can be granted. *Cf. Powell v. Bd. of Cty. Comm'rs of Okla. Cty.*, No. CIV-18-294-D, 2019 WL 2167420, at *3–4 (W.D. Okla. May 17, 2019) (DeGiusti, J.) (dismissing federal constitutional claims against OCDC and OCSD).

**II. Because the Board of County Commissioners of Oklahoma County (the "Commissioners") is named as a party, claims against Sheriff Taylor, in his official capacity, should be dismissed as duplicative.**

Next, Defendants assert that suing both Commissioners and Sheriff Taylor, in his official capacity, is duplicative and improper. Joint Motion at 5. Plaintiff maintains that

4

"under Oklahoma law, claims against a county must be brought by naming the board of county commissioners of that county." Plaintiff's Response at 8–9.

Oklahoma law states that a suit against a county must be brought by naming the board of county commissioners of that county. *See* Okla. Sat. tit. 19, § 4. Still, under federal law, "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Moss v. Kopp*, 559 F.3d 1155, 1168 n.2 (10th Cir. 2009). Thus, bringing "a claim against [a sheriff] in his official capacity . . . is the same as bringing a suit against the county." *See Martinez v. Beggs*, 563 F.3d 1082, 1091 (10th Cir. 2009); *accord Dungee v. Bd. of Cty. Comm'rs of Cty. of Okla.*, No. CIV-14-232-D, 2014 WL 1878762, at *4 (W.D. Okla. May 12, 2014) (DeGiusti, J.) (dismissing claims as duplicative on same grounds).

Therefore, Plaintiff's claims against Defendant Sheriff Taylor, in his official capacity, should be dismissed with prejudice as duplicative of Plaintiff's claims against Commissioners.

### III. Plaintiff failed to state a claim against Commissioners for Fourteenth Amendment violations under 42 U.S.C. § 1983.

Defendants argue that Plaintiff's claims of excessive force and denial of medical care[1] against Commissioners should be dismissed. Joint Motion at 9. Plaintiff brings a

---

[1] Plaintiff styles her claims as Fourth Amendment and Fourteenth Amendment claims. *See* Amended Complaint [Doc. No. 30] at 16, ¶ 38. The Court's Order [Doc. No. __ ] establishes that Plaintiff's claims are Fourteenth Amendment substantive due process claims. The analysis will not be duplicated here.

5

claim under 42 U.S.C. § 1983 against the county for the constitutional violations. Amended Complaint at 16, ¶ 38.

Title 42 U.S.C. § 1983 provides that "every person" acting "under the color of law" to deprive someone of their "rights, privileges, or immunities secured by the Constitution and laws," shall be liable to the person injured. "Municipalities and other local governmental bodies are persons within the meaning of § 1983." *Bd. of Cty. Comm'rs of Bryan Cty., Okla. v. Brown*, 520 U.S. 397, 403 (1997). A local governmental body, however, may not be held liable simply because it employed a tortfeasor. *Id.* Instead, "it is when execution of a government's policy or custom . . . inflicts the injury that the government entity is responsible under § 1983." *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 694(1978).

A plaintiff seeking to impose liability on a municipality must establish (1) the existence of a municipal policy or custom; and, (2) a direct causal connection between the policy or custom and the injury alleged. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).

a) *Plaintiff has plausibly established that the necessary policies exist.*

At issue is whether Commissioners were the policy makers for purposes of the § 1983 claims.

To make out a § 1983 claim under a theory of municipal liability,[2] a plaintiff must plead sufficient facts to "identify a municipal policy statement, ordinance, regulation, or decision officially adopted and promulgated," or a municipal custom or practice "so permanent and well settled as to constitute a 'custom or usage' with the force of law" that caused the plaintiff's injury. *Monell*, 436 U.S. at 690–91; *Murrell v. School Dist. No. 1*, 186 F.3d 1238, 1249–50 (10th Cir. 1999).

In the context of a § 1983 claim, the sheriff is legally responsible for the proper management of the jail in his county. *Dodds v. Richardson*, 614 F.3d 1185, 1203 (10th Cir. 2010), *cert. denied*, 131 S.Ct. 2150 (2011); *see also Meade v. Grubbs,* 841 F.2d 1512, 1528 (10th Cir.1988) (citing Okla. Stat. tit. 19, §§ 513, 547(A)). The County may "be liable on the basis that [the sheriff] is a final policymaker with regard to its jail, such that his actions may fairly be said to be those of the municipality." *Layton v. Bd. of Cty. Comm'rs of Okla. Cty.*, 512 F. App'x 861, 871 (10th Cir. 2013); *Lopez v. LeMaster*, 172 F.3d 756, 763 (10th Cir. 2018) (quoting Brown, 520 U.S. at 404, 117 S.Ct. 1382).

Defendants claim that the "sheriff, not the board, maintains responsibility over the county jail." Joint Motion at 8. Accordingly, Defendants accept that the sheriff is the supervising law enforcement officer and final policymaker with respect to the decisions at issue. Plaintiff alleges that Defendant Sheriff Taylor was responsible for "tacit" and "ad hoc policies of failing to reasonably protect" inmates. Amended Complaint at 3, ¶ 4. For

---

[2] Defendants agree, for purposes of this Motion only, that "Mr. Willis suffered (1) a deprivation of a federally protected right by (2) an actor acting under color of state law." Joint Motion at 10.

7

purposes of a § 1983 municipal liability analysis, therefore, Taylor's policymaking authority over OCDC is enough.

Accepting all well-plead allegations as true and viewed in the light most favorable to Plaintiff, the first element of municipal liability under § 1983 has been plausibly established.

    *b)*    *Plaintiff fails to allege a direct causal connection between the policies and the constitutional violations.*

To warrant municipal liability, however, it is not enough for a § 1983 plaintiff to merely identify conduct properly attributable to the municipality. "The plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged." *Brown*, 520 U.S. at 404; *Barney v. Pulsipher*, 143 F.3d 1299, 1307 (10th Cir.1999). That is, "a plaintiff must show that the municipal action was taken with [deliberate indifference] and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Brown*, 520 U.S. at 404; *see Bryson v. City of Okla. City*, 627 F.3d 784, 788 (10th Cir. 2010); *Dodds*, 614 F.3d at 1202. To establish constitutional violations of excessive force and inadequate medical care against Commissioners, Plaintiff must show "the policymaker, Sheriff [Taylor], can reasonably be said to have been deliberately indifferent to the constitutional rights of pretrial detainees." *Dungee v. Bd. of Cty. Comm'rs of Cty. of Okla.*, No. CIV-14-232-D, 2014 WL 1878762, at *3 (W.D. Okla. May 12, 2014) (DeGiusti, J.).

In support of her allegations of deliberate indifference, Plaintiff points to the DoJ Report—issued approximately nine years ago—and the *Layton v. Oklahoma Board of*

*County Commissioners* case. 512 F. App'x 861, 871 (10th Cir. 2013). In a previous Order, the Court has thoroughly analyzed why Plaintiff's reliance on the DoJ Report and *Layton* was insufficient to survive a 12(b)(6) motion to dismiss. Order. *See* Doc. No. ___ (dismissing claims against Sheriffs Taylor and Whetsel, in their individual capacities, from this suit). For the same reasons, Plaintiff's factual allegations are insufficient to charge Commissioners with deliberate indifference and establish a causal connection under a theory of § 1983 municipal liability.

It is worth noting that *Layton* is distinguishable on additional grounds. The Tenth Circuit in *Layton* emphasized the number of factual references on which Appellants relied:

> Here, based on Appellants' references to (1) deficiencies described in the Death Investigation and Complaint Investigation Reports; (2) the OSD's citations of the jail for violations; (3) the DOJ report; and (4) the ADAC report, a reasonable jury could find that the County's willingness—demonstrated by inaction—to permit seriously ill inmates to remain unmonitored in their cells evinces deliberate indifference for purposes of establishing municipal liability.

*Layton*, 512 F. App'x at 871. Plaintiff has established no comparable record here. Accordingly, Plaintiff has failed to allege enough facts to plausibly state a 42 U.S.C. § 1983 municipal liability claim against Commissioners.

## IV. Plaintiff's "failure-to-fund" allegations are mere conclusions and fail as a matter of law.

Finally, Plaintiff alleges Commissioners are responsible for "allocating sufficient money to safely operate OCDC." Amended Complaint at 2, ¶ 2. Plaintiff also claims that Commissioners' "refusal to properly fund the jail caused or contributed to the substandard policies, procedures, practices, and customs [of OCDC]." *Id*. at 13, ¶ 30.

Plaintiff cites to no authority that adequately supports the proposition that Commissioners may be sued on a failure-to-fund theory, or that such inaction might be somehow linked to the 42 U.S.C. § 1983 inquiry. In fact, the section in Plaintiff's Response on failure-to-fund does not contain a single citation to any legal authority at all. Doc. No. 43 at 21–22. As in *Madoux v. City of Norman*, where a court found a failure-to-fund claim against a board of county commissioners implausible, Plaintiff has only made conclusory allegations against Commissioners. *See* No. CIV-07-0435, 2008 WL 938596, at *2 (W.D. Okla. Apr. 4, 2008) (noting that the plaintiff had failed to cite any authority allowing for a failure-to-fund claim and finding allegations were conclusory). For example, Plaintiffs' Amended Complaint "alleges no facts indicating that [C]ommissioners have any responsibility for [how] the sheriff allocates funding as between medical care for incarcerated persons and other needs." *Id*. Nor does the Amended Complaint "allege how funding occurs," or elaborate on whether "[C]ommissioners had any role in earmarking or allocating funds for particular purposes." *Id*. A complaint tendering only "naked assertions devoid of further factual enhancement" fail on a 12(b)(6) motion as a matter of law. *See Iqbal*, 556 U.S. at 678.

Therefore, all claims against Commissioners will be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants' Joint Motion to Dismiss and Brief in Support [Doc. No. 35] is **GRANTED**. Claims against the Oklahoma County Detention Center and the Oklahoma Country Sheriff's Department, improper parties to this suit, are **DIMISSED WITH PREJUDICE**. Plaintiff's claims against Defendant Sheriff Taylor, in his official

capacity, are **DISMISSED WITH PREJUDICE** as duplicative of Plaintiff's claims against Defendant Board of County Commissioners of Oklahoma County. All claims against Defendant Board of County Commissioners of Oklahoma County are **DISMISSED WITHOUT PREJUDICE** under Fed. R. Civ. P. 12(b)(6).

    **IT IS SO ORDERED** this 13th day of September 2019.

TIMOTHY D. DeGIUSTI
Chief United States District Judge