**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **STACY WILLIS, as personal representative of the Estate of MITCHELL EVERETT WILLIS, deceased,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**OKLAHOMA COUNTY DETENTION CENTER, et al.,**<br><br>    **Defendants.** | Case No. CIV-18-323-D |

**DEFENDANTS' JOHNATHON JOHNSON AND JAMES DANIEL NEWKIRK'S MOTION AND BRIEF IN SUPPORT TO EXCLUDE EXPERT TESTIMONY OF ROY TIMOTHY GRAVETTE**

Gary J. James, OBA #12718
Matthew C. Frisby, OBA #19096
Gary J. James & Associates, P.C.
P.O. Box 2443
Oklahoma City, Oklahoma 73012
Telephone: (405) 521-9900
Facsimile: (405) 488-0529
gary@garyjameslaw.com
frisbylaw@gmail.com

Attorneys for Defendants
Jonathan Johnson and James Newkirk

— May 3, 2021 —

## **TABLE OF CONTENTS**

Table of Contents ........................................................................................................ii

Table of Authorities ...................................................................................................iii

Statement of the Facts …………………………….......................................................1

Legal Standard ……......................................…………................................................2

Law and Argument ......................................................................................................4

    I.  The Proposed Opinions of Expert Roy Timothy Gravette should be
       Excluded……………………………………………………………………….4

        A.  Gravette's Opinions Invade the Province of the Jury…………..………….4

Conclusion ……………………….....................................................................................8

Exhibits

Roy Timothy Gravette's Expert Report.................................................................Exhibit 1

Deposition of Roy Timothy Gravette …………………………………………….Exhibit 2

# **TABLE OF AUTHORITIES**

Cases

*Beck v. N. Natural Gas Co.*, 170 F.3d 1018 (10th Cir. 1999) ............................................. 5
*Bitler v. A.O. Smith Corp.*, 400 F.3d 1227, 1235 (10th Cir. 2004) ..................................... 4
*Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) ............................... 3
*Dodge v. Cotter Corp.*, 203 F.3d 1190, 1200 n. 12 (10th Cir. 2000) .................................. 3
*Employers Reinsurance Corp. v. Mid-Continent Cas. Co.*, 202 F. Supp. 2d 1212 (D. Kan. 2002) ............................................................................................................................. 3
*Fate v. Village of Spring Valley*, No. 11 Civ. 6838 (JPO) .................................................. 7
*Goebel v. Denver & Rio Grande Western RR Co.*, 215 F.3d 1083 (10th Cir. 2000) .......... 4
*Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999) .................................................... 3, 4
*Lamon v. City of Shawnee*, 972 F.2d 1145 (10th Cir. 1992) .............................................. 5
*Lantec, Inc. v. Novell, Inc.*, 306 F.3d 1003 (10th Cir. 2002) .............................................. 6
*Miller v. Pfizer, Inc.*, 196 F. Supp. 2d 1062 (D. Kan. 2002) .............................................. 6
*Parker v. Wal-Mart Stores, Inc.*, 267 F.R.D. 373 (D. Kan. 2010) .................................. 3, 5
*Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 965 (10th Cir. 2001) ...................... 3
*Specht v. Jensen*, 853 F.2d 805 (10th Cir. 1988 .................................................................. 3
*Starling v. Union Pacific R. Co.*, 203 F.R.D. 468 (D. Kan. 2001) ..................................... 5
*Stephenson v. Honeywell Intern., Inc.*, 703 F. Supp. 2d 1250 (D. Kan. 2010) ................... 4
*U.S. v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009) ..................................................... 3
*United States v. Cruz*, 981 F.2d 659 (2nd Cir. 1992) ......................................................... 6
*United States v. Lundy*, 809 F.2d 392 (7th Cir. 1987) ....................................................... 5
*Wilson v. Muckala*, 303 F.3d 1207 (10th Cir. 2002) ......................................................... 6

Rules

Fed. R. Evid. 702 ................................................................................................................ 2
Rule 702 ............................................................................................................................. 3

# DEFENDANTS' JOINT MOTION AND BRIEF IN SUPPORT TO EXCLUDE EXPERT TESTIMONY OF ROY TIMOTHY GRAVETTE

Defendants Jonathan Johnson, James Newkirk, Kody Ward, and Tiffany Williamson move for an Order from this Court excluding opinions and testimony of Plaintiff's purported expert witness, Roy Timothy Gravette, from the evidence to be submitted at trial. Defendants offer the following brief in support.

## STATEMENT OF FACTS

This case arises from Mitchell Willis's incarceration at the Oklahoma County Detention Center on August 18, 2017. Willis was arrested by the Oklahoma City Police Department and booked into the OCDC. Officers first placed him in a receiving cell, but following an altercation he initiated by assaulting an officer that was trying to provide him lunch, they re-examined Willis and referred him to a cell in the OCDC's mental-health unit. Officers escorted Willis to Cell 13C-03, placed him inside, and left. No one believed Willis suffered an injury throughout this process. Further, Willis continued to exhibits signs of life in the ensuing hours until his death. Plaintiff claims Defendant Johnson used excessive force on Willis in placing Willis in his cell, and that Defendant Newkirk, along with co-defendants Ward, and Williamson acted deliberately indifferent to Willis's medical needs by not calling for medical assistance in the hours which followed.

Defendant Johnson contends that his actions were reasonable, that he did not cause Willis's injury at issue. Defendants Newkirk, Ward, and Williamson contend that Willis

exhibited signs of life over the ensuing hours and they did not subjectively believe he was in need of medical assistance. Plaintiff partially rejoins by invoking the testimony of Robert C. Bux, a forensic pathologist, who opined that Willis's death resulted from blunt force to Willis's thoracic spine, that the harm-dealing force was inflicted inside Willis's cell on the Thirteenth Floor of the Oklahoma County Detention Center, that Willis did not cause any injuries to himself intentionally or accidentally, despite the fact there is not testimony or evidence that Johnson's knee ever came in contact with Willis' spine.

To reach his opinions—specifically those regarding Willis's severed spine — Mr. Gravette accepts Willis's version of events wholesale, without giving any credence to Defendant Johnson's protestations that his knee did not contact Willis's back. This determination of fact invades the jury's providence.

## **LEGAL STANDARD**

Rule 702, Fed. Rs. Evid., establishes the following standards for determining whether expert testimony is admissible. To be admissible:

(a) the expert's scientific, technical, or other specialized knowledge [must] help the trier of fact to understand the evidence or to determine a fact in issue;

(b) the testimony [must be] based on sufficient facts or data;

(c) the testimony [must be] the product of reliable principles and methods; and

(d) the expert [must have] reliably applied the principles and methods to the facts of the case.

See Rule 702. This rule requires district courts to perform the gatekeeping function of determining "that an expert, whether basing testimony upon professional

studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999). "[T]he trial judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993). "The proponent of expert testimony bears the burden of showing that its proffered expert's testimony is admissible." *U.S. v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009) (citing *Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 965, 970 n. 4 (10th Cir. 2001)).

"The touchstone of Rule 702702 is helpfulness of the expert testimony, a condition that goes primarily to relevance. Thus, the Court must determine whether the proffered evidence would be helpful to the trier of fact." *Employers Reinsurance Corp. v. Mid-Continent Cas. Co.*, 202 F. Supp. 2d 1212, 1215 (D. Kan. 2002) (internal citations omitted). Though rejection of expert testimony is the exception rather than the rule, see *Daubert*, 509 U.S. at 595, courts bar expert testimony that "invades the province of the jury" or "renders opinions on legal issues." *Specht v. Jensen*, 853 F.2d 805, 807 (10th Cir. 1988); accord *Parker v. Wal-Mart Stores, Inc.*, 267 F.R.D. 373, 375 (D. Kan. 2010).

The court is required to engage in a reliability determination of proffered expert testimony in advance of trial. See *Dodge v. Cotter Corp.*, 203 F.3d 1190, 1200 n. 12 (10th Cir. 2000). One manner in which to address the issue is through a hearing under F.R.E. 104(a). See *Goebel v. Denver & Rio Grande Western RR Co.*, 215 F.3d 1083 (10th Cir. 2000). Otherwise, the court may choose to decide the motion based exclusively upon the expert disclosures already made pursuant to F.R.C.P. 26(a)(2).

To determine reliability, the court must assess whether the reasoning or methodology underlying the testimony is scientifically valid and whether that reasoning or methodology can be properly applied to the facts in issue. *Stephenson v. Honeywell Intern., Inc.*, 703 F. Supp. 2d 1250, 1254 (D. Kan. 2010) (citing *Daubert*, 509 U.S. at 592–93). The Supreme Court has set forth a series of factors that are relevant to assessing reliability, including whether the theory has been tested, but the court's inquiry is always "tied to the facts of a particular case." *Kumho Tire*, 526 U.S. at 150; *Daubert*, 509 U.S. at 592–94. Often "the relevant reliability concerns may focus upon personal knowledge or experience" rather than the Daubert factors and scientific foundations. *Kumho Tire*, 526 U.S. at 150; *Bitler v. A.O. Smith Corp.*, 400 F.3d 1227, 1235 (10th Cir. 2004).

## LAW AND ARGUMENT

**I.   THE PROPOSED OPINIONS OF EXPERT ROY TIMOTHY GRAVETTE, SHOULD BE EXCLUDED.**

Mr. Gravette's wholesale adoption of Plaintiff's version of events improperly invades the jury's purview and he is not qualified to render opinions regarding the policies, training, and performance of sight checks. The Court should bar Mr. Gravette from testifying in full or in part, and likewise exclude his expert report from the evidence in this case.

**A.   GRAVETTE'S OPINIONS INVADE THE PROVINCE OF THE JURY**

Foremost, Mr. Gravette's opinions are based on Plaintiff's one-sided view of the case. This appears most prominently at page 13 of Gravette's report, where he opines "*That Use of Force by D.O. Jonathon Johnson resulted in the injury of Willis's spine*

*based on the information provided by the Medical Examiner*", despite there being absolutely no evidence that Johnson's knee ever contacted Mr. Willis' back and the fact the medical examiner did not opine that Johnson applied pressure to Willis' spine. Also despite the fact Mr. Gravette recognizes Bryan Cornelius' eye witness account, where Cornelius told Johnson …. "*he was too close to WILLIS' spine and asked JOHNSON to move so JOHNSON would not be on WILLIS' spine*" (See Exhibit 1 page 9-12). Expert testimony that invades the province of the jury is inadmissible. *Parker v. Wal-Mart Stores, Inc.*, 267 F.R.D. 373, 375 (D. Kan. 2010) (citing *Specht*, 853 F.2d at 807).

Gravette presents the argument that the jury should reject the testimony of Johnson, Cornelius and other evidence in favor of testimony of other witnesses or other evidence. Rule 702 requires that expert opinion be supported by sufficient facts or data. In fact, when discussing when Willis' spine was severed, Gravatte testified "*I cannot say for certain, but I can say based on my training and experience what I **assume** happed.*" (See Exhibt 2, Deposition of Gravette, p. 35 l. 10-12).  Examining the factual basis goes to the reliability of the expert opinion. *Starling v. Union Pacific R. Co.*, 203 F.R.D. 468, 475 (D. Kan. 2001). "District courts must ensure that expert opinion testimony is in fact expert opinion, not merely opinion given by an expert." *United States v. Lundy*, 809 F.2d 392, 396 (7th Cir. 1987). "It is the jury's exclusive province to assess the credibility of witnesses and determine the weight to be given to their testimony." *Beck v. N. Natural Gas Co.*, 170 F.3d 1018, 1022 (10th Cir. 1999), quoting *Lamon v. City of Shawnee*, 972 F.2d 1145, 1159 (10th Cir. 1992); see also *Wilson v. Muckala*, 303 F.3d 1207, 1218 (10th

Cir. 2002) ("credibility of witness testimony is a matter left to the jury and generally is not an appropriate subject for expert testimony").

Similarly, expert testimony cannot be used to bolster the credibility of certain witnesses by "mirroring their version of events." *United States v. Cruz*, 981 F.2d 659, 664 (2nd Cir. 1992). An expert may not base his or her opinions on bits and pieces of information deliberately selected to support one party's theory of the case. See *Lantec, Inc. v. Novell, Inc.*, 306 F.3d 1003, 1026 (10th Cir. 2002) (expert opinion excluded because expert's attempt to "spin anecdotes from a handful of personal conversations with firms in a limited geographic area into evidence of a worldwide product market" was not a sufficient factual basis for opinion). Indeed, "'expert' testimony based solely on hearsay and third-party observations that are adequately comprehensible to lay people would be improper to admit under Rule 702. [Citation omitted.] An arson expert cannot testify that he heard from an informant that the defendant torched the building and that thus in his expert opinion the defendant probably set the fire." <u>Lundy</u>, 809 F.2d at 395. In the present case – Gravette did not hear any testimony from any one of the individuals in cell 13C that Johnson's knee contacted Willis' spine.

In *Miller v. Pfizer, Inc.*, 196 F. Supp. 2d 1062 (D. Kan. 2002), the court excluded the opinion of plaintiff's expert that a prescription drug caused a teenage boy to commit suicide. The court said: "From the outset, the Court has entertained concerns about the degree of Dr. Healy's reliance on pre-selected evidence from interested parties, to the exclusion of reliable evidence that Matthew engaged in suicidal thoughts and behavior before he first used Zoloft." *Id.* at 1086. The court concluded that because the expert gave

"scant attention" to factors in the record other than Zoloft which may have contributed to the suicide, the opinion lacked a sufficient factual basis and was inadmissible under Rule 702. Id. at 1087. Here, Gravette's expert testimony also lacks sufficient factual basis to make his testimony admissible under Rule 702.

Similarly, in *White v. Sedler*, 2009 WL 5125764 (D.N.M. 2009), the District Court of New Mexico excluded an expert's report which was based on the plaintiff's version of the facts and model police procedures "instead of the 'totality of the circumstances' standard required under the Fourth Amendment." *Id*. at *1. The court determined the expert's "opinion was unreliable because he based his opinion solely on plaintiff's version of the facts." *Id*. at *2. That expert assumed the plaintiff was "passively resisting" and did "not leave any room for a juror to find that plaintiff was belligerent, abusive or actively resisting arrest." *Id*. Like the expert in *White*, Gravette relies on disputed evidence to support Plaintiff's theory that "the use of force by D.O. Johnson caused the injuries to Willis's spine. Gravette fails to evaluate Johnson's deposition testimony, Cornelius' deposition testimony and the fact there is absolutely no evidence Johnson put pressure on Willis' spine with his knee.

His recitation of the evidence does not involve issues of expertise but simply allows Plaintiff the chance to submit her version of events under the guise of "expert" testimony. In *Fate v. Village of Spring Valley*, No. 11 Civ. 6838 (JPO), 2013 WL 2649548 (S.D.N.Y. 2013), the court restricted an expert from expressing opinions similar to , stating:

"Brave may not, however, offer testimony about what he believes actually happened or about the credibility of any witness. His expert testimony on the reasonableness of the police practices in this case must be expressly characterized as based on the assumption that certain facts are found to be true; it cannot rest on implicit credibility determinations. Further, Brave may not offer legal testimony. He may not testify that the defendant officers acted in accord with the standard of reasonableness imposed by the Fourth Amendment, nor may he assert in his testimony that actions deemed reasonable when measured against standard police practices are "reasonable" as a matter of constitutional law."

Id. at *6. Mr. Gravette's report and testimony clearly shows he disregards the testimony of the officers and other evidence. As such, his opinions and testimony should be excluded.

## CONCLUSION

For the reasons discussed herein, Defendants Jonathan Johnson, James Newkirk, move for an Order from this Court excluding opinions and testimony of Plaintiff's purported expert witness, Roy Timothy Gravette, from the evidence to be submitted at trial.

Date: May 3, 2021

s/Matthew C. Frisby
Gary J. James, OBA #12718
Matthew C. Frisby, OBA #19096
Gary J. James & Associates, P.C.
P.O. Box 2443
Oklahoma City, Oklahoma 73012
Telephone: (405) 521-9900
Facsimile: (405) 488-0529
gary@garyjameslaw.com
frisbylaw@gmail.com

Attorneys for Defendants
Jonathan Johnson and James Newkirk

## CERTIFICATE OF SERVICE

I certify that on **May 3, 2021,** I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to all counsel of record who have entered their appearance in this case.

| | |
|---|---|
| Micky Walsh, OBA #9327 | Randall Wood |
| Derek S. Franseen, OBA #30557 | Jeffery C. Hendrickson |
| Walsh & Franseen, P.C. | Pierce Couch Hendrickson Baysinger & Green |
| 200 E. 10th Street Plaza | 1109 N. Francis Ave., |
| Edmond, Oklahoma 73034 | Oklahoma City, OK 73106 |
| Telephone: (405) 843-7600 | Telephone: (405) 235-1611 |
| Facsimile: (405) 606-7050 | Facsimile: (405) 235-3904 |
| mwalsh@walshlawok.com | rwood@piercecouch.com |
| dfranseen@walshlawok.com | jhendrickson@piercecouch.com |
| | |
| Michael M. Blue, OBA #13143 | Monty Cain, OBA #15891 |
| 900 N.E. 63rd Street | 10415 Greenbriar PL, Suite A |
| Oklahoma City, Oklahoma 73105 | P.O. Box 892098 |
| Telephone: (405) 239-7046 | Oklahoma City, Oklahoma 73189 |
| Facsimile: (405) 418-0833 | Telephone: (405) 759-7400 |
| bluelaw@cox.net | Facsimile: (405) 759-7424 |
| | monty@cainlaw-okc.com |

                                                s/ Matthew C. Frisby
                                                Matthew C. Frisby