## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| STACY WILLIS, as Personal, Representative of the Estate of MITCHELL EVERETT WILLIS, Deceased, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-18-323-D |
| OKLAHOMA COUNTY DETENTION CENTER, *et al.*, | ) ) ) ) | |
| Defendants. | ) | |

## **ORDER**

Defendants Johnathan Johnson and James Newkirk have raised the defense of qualified immunity to Plaintiff's claims and, following an adverse ruling on their motions for summary judgment, have taken an interlocutory appeal. *See Willis v. Oklahoma Cnty. Det. Ctr.*, No. 22-6039 (10th Cir. Mar. 4, 2022). During the pendency of the appeal, this Court lacks jurisdiction to proceed with the case against the appealing defendants. *See Stewart v. Donges*, 915 F.2d 572, 576 (10th Cir. 1990). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936); *accord United Steelworkers of Am. v. Or. Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003). The Court finds that the interests of judicial economy and resources, as

well as the interests of convenience and expense to the parties, counsel, and witnesses, are best served by staying the case. The Court finds that further proceedings in the case should be stayed during the pendency of the interlocutory appeal. The Court further finds that this case should be administratively closed for the duration of the appeal.

**IT IS THEREFORE ORDERED** that this case is **STAYED** until the appeal of *Willis v. Oklahoma Cnty. Det. Ctr.*, No. 22-6039, in the United States Court of Appeals for the Tenth Circuit, is concluded.

**IT IS FURTHER ORDERED** that the Clerk is directed to administratively close this case for the duration of Appeal No. 22-6039. When the court of appeals' mandate is received, the stay will be automatically lifted, and the case will be reopened. Within 30 days after the date on which the case is reopened, the parties shall submit a proposed case schedule setting deadlines consistent with the Scheduling Order entered November 21, 2019 [Doc. No. 72].

**IT IS SO ORDERED** this 16th day of March, 2022.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge